TAUMAFAI B.F., Claimant

v.

TELA PANINI, Objector
FA'ASEFULU TOGIA'I, Objector

[In the Matter of the Registration of the Matai
Title "IULI" of the village of Tula]

High Court of American Samoa
Land and Titles Division

MT No. 5-88

March 29, 1990

116

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, VAIVAO, Associate Judge, AFUOLA, Associate Judge, and APE, Acting Associate Judge.

Counsel: For Claimant, Tau'ese P.F. Sunia
        For Objector Panini, S.E. Sala
        For Objector Fa'asefulu, Lutu T. Fuimaono

The Court makes the following findings with regard to the criteria set forth in A.S.C.A. § 1.0409(c).

## I.     *Hereditary Rights*

The Court is satisfied that all of the candidates have hereditary rights to the title Iuli. There was no disagreement among the parties to this extent. If measured according to the method which the Court has traditionally used to calculate degrees of relationship to the title, Taumafai would prevail as he can show the shortest descent route to a past title holder. The objectors, however, have also submitted their

measure of entitlement by tracing descent to the original titleholder as was done in the case *In Re Matai Title Sotoa*, MT No. 5-82. In this manner, Tela has argued that he is better entitled because Taumafai comes from an adopted side of the family descended from a Iuli Isaia. Whether adopted or not, it was clearly established in *In Re Matai Title Iuli*, MT No. 20-1956, that candidate Taumafai's branch of the family is entitled, and indeed, candidate Taumafai's maternal uncle Togi prevailed in that case.

## II.     Support of the Clans

There was simply no consensus among the parties on the question of the clans as customary in the Iuli family. Taumafai and Tela at least agreed on a working definition of clans, and that is, the grouping of family members in accordance with descent lines running from the issue of the original title holder. They were totally at odds, however, not only on the identity of the original titleholder but on the identities of the succeeding generation. Fa'asefulu, on the other hand, was noticeably confused as to the basis of his claim for clans. In any event, the evidence sadly showed that the family simply refused to seriously attempt the selection of a matai. The family meetings, which considered the nominations of both Taumafai and Tela, concluded with the acknowledgement that the direction to the Courthouse was well known. Fa'asefulu candidly admitted that he took this to mean a clear invitation from the family to let "the law" decide, even though he had also indicated at one of the family meetings that he favored Taumafai's candidacy. We conclude that no one secured the wish of the majority or plurality of the clans.

## III.     Forcefulness, Character, Personality, and Knowledge of Samoan Custom

On the third criterion, we rank Tela as the leading candidate. Tela is 63 years of age and for some 25 years he has held the comparably ranking title of "Tela" from the village of Afono. As such he has proven himself worthy and capable in his duties as the "matua" of Mata'utia in Afono. His long tenure as matai has made him familiar with the requirements of Samoan custom. Taumafai, who is 36 years of age, and Fa'asefulu, who is 49 years of age, have yet to serve as matai. Taumafai admitted in open Court that he has been holding himself out as

118

a matai using the unregistered name "Siupapa" in violation of the law.[1] However, he seeks the Court's forgiveness for this "small error" on his part. In terms of ability to undertake the duties and responsibilities of the very important Iuli title (the Iuli is the matua of Salanoa in the village of Tula), Tela clearly has the superior proven experience. This experience was quite evident on the stand with Tela proving to be better at ease. In terms of formal education, Tela and Taumafai prevail. While they have each achieved similar levels of training as educators, Tela has had over 30 years of service as principal of various government elementary schools. Tela has superior administrative and leadership skills as a result of his more extensive experience. Fa'asefulu, nonetheless, has proven to be an enterprising and industrious person, being one of the territory's leading businessmen; however, his character is not without blemish. He candidly admitted to misappropriating government property while in the employ of the government. He was 22 years old at the time and he puts this down to youthful indiscretion. On balance we find that Tela exhibits the personal qualities better suited to leading the family.

### IV. Value to Family, Village, and Country

We are satisfied on the evidence that all of the candidates have in various ways rendered valuable service to the past matai and that they have faithfully participated in family affairs. They all live in the village, occupying and working family lands, and serving the family, church, and village. In terms of service, no one can be singled out as more deserving.

We have already concluded that Tela has shown the stronger personal characteristics, as well as the better track record and experience for leadership. It goes without saying that the dignity of the title will be best enhanced by the candidate who is intimately familiar with the demands of office. Tela's longstanding tenure as a matai has certainly given him that familiarity. He not only has standing with his fellow matai but rapport as well, and he has credibility and seniority that comes with tenure and age. He continues in his long but dedicated career with the government and in this connection he has remained singularly committed to the educational needs of the community. We cannot deny

---

[1] A person who uses a matai name before the same has been registered according to law commits a Class B misdemeanor punishable by a term of imprisonment not to exceed 6 months. A.S.C.A. § 1.0414.

that the other candidates are not without value to the government but what they lack in relation to Tela is experience and the opportunity to prove oneself.

From the evidence, it is clear that there is much dissension and ill feeling in the family. Among the family's immediate needs is a peacemaker. Again, Tela best fits this bill with his experience as a matai and in this regard, Taumafai, and Fa'asefulu to a lesser degree, concede age and experience to Tela. In addition, Fa'asefulu himself is the object of a certain amount of ill will arising within the family. In 1987, certain family members saw him as having used his superior wealth to obtain favored land assignment from the past matai and thus petitioned the court accordingly in *Tagoa'i v. Togia'i*, LT No. 29-87. We conclude that Tela prevails with this criterion.

From the foregoing, we hold that Tela is qualified to hold the title Iuli. He prevails over the other two candidates on the third and fourth criteria. Since no one had the majority or plurality of the clans it is not necessary for us to confront the anomaly apparent with the issue of hereditary rights. Even if this criterion is given to Taumafai, he is still behind Tela on the other two important ones.

The Territorial Registrar is directed to register the title Iuli in candidate Tela upon his vacation of the title Tela consistent with the requirements of A.S.C.A. § 1.0402.

It is so Ordered.